IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRELL C. TOWNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13−cv−1269−SMY−SCW |
| | ) |
| TERRI DETHROW, | ) |
| L. MAUE, | ) |
| TRAVIS LINDSEY, | ) |
| TODARO, | ) |
| B. CHANDLER, | ) |
| REBECCA COWAN, | ) |
| BRANDIN ANTHONY, | ) |
| ROY GRATHLER, and | ) |
| MIFFLIN | ) |
| | ) |
| Defendants. | ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

On January 6, 2015, the Court held a hearing on Plaintiff's Motion to Compel Defendant to Comply with Disclosure Rules and Answer Request. (Doc. 58). Plaintiff filed the Motion on November 3, 2014. (Doc. 58). Defendants responded on November 20, 2014. (Doc. 60). The Court originally set this matter for hearing on December 17, 2014, but then later continued the hearing until January 6, 2015. Plaintiff appeared pro-se. Ashley Carter appeared for Defendants. The Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion to Compel.

Plaintiff's requests 1 and 2 seek policies concerning inmate requests for access to the barbershop. (Doc. 58-2, pp. 2-3). Defendants represent that there are no such policies, and Plaintiff agrees that the Offender Grooming Policy is not relevant. Therefore, there is nothing to decide with regards to this request as Defendants cannot produce what they do not possess.

1

As to Plaintiff's request for the policies concerning bar rapping in Request 3, the Court overrules Defendant's objections in part. Defendants shall produce the policies regarding bar rapping to Plaintiff, pursuant to a protective order to prohibit Plaintiff from disseminating or discussing the policy with others. Further, Plaintiff shall be permitted to view the un-redacted policy related to the frequency of bar rapping. Defendants shall then produce a redacted policy to Plaintiff. The policies that address the frequency of bar rapping and other security inspection policies not related to bar rapping shall be redacted. Plaintiff shall not retain the redacted policy at the close of this case. Defendants shall also review existing consent decrees to determine if any of them address bar rapping. Defendants shall comply with this order regarding bar rapping within 21 days.

In requests 11, 12, and 13, Plaintiff requested various policies regarding lockdowns and yard and shower schedules. In the hearing, Plaintiff clarified that he believes that because he was issued a disciplinary ticket and moved away from the Lower South, a more minimal security environment, he has been subjected to more lockdowns and the attendant loss of privileges. Since being released from segregation, Plaintiff has been assigned to the East and West cellhouses. This goes to his claim of harm for being issued a false disciplinary ticket. The Court agrees with Plaintiff's arguments that these factors are relevant to his claim of harm and the severity of Defendants' retaliatory conduct. However, the Court finds Plaintiff's requests, as written, are overly broad. Defendants shall respond to Plaintiff's request regarding the number, frequency, and duration of lock-downs of Plaintiff's housing assignments in the East and West houses versus his previous assignment of South Lower from May 2012 to the present. Defendants may either provide documentation comparing lockdowns or a verified response. The Court anticipates that a verified response could be used as a stipulation at trial. Defendants shall also inquire as to the difference between the yard time and shower time between segregation and Plaintiff's other housing assignments, and respond to Plaintiff's request regarding those issues as well. Defendants shall respond within 30 days.

Plaintiff also argued that he received a smaller and less adequate clothing allowance while in segregation, which effectively prevented him from using his yard time during the winter months. He argued that, had he not been moved out of Lower South, he would have been able to use his yard time because he had access to more layers of clothes. The Court similarly finds that this could also be an element of Plaintiff's harm or the severity of the retaliatory conduct. Defendants shall produce any policies that address clothing in segregation. Defendants shall do so within 30 days.

As to Request 18, in which Plaintiff requests "any and all information pertaining to" Plaintiff's inmate witnesses, the Court finds this request overly broad. Defendants' objection is sustained. The Court will issue writs for any inmate witnesses Plaintiff wishes to call at trial. Plaintiff is also not entitled to the transcript of any deposition, unless he pays for that transcript. Should Defendants rely on a deposition or affidavit on summary judgment, Plaintiff will receive a copy of such materials at that time.

Defendants' objection to Request 21 is sustained. Plaintiff's request for all rosters from 2011 for the five Defendants is overbroad and unduly burdensome.

Plaintiff clarified that Request 23 also goes to his harm because the inmates in the West and East cellhouses, where he has been assigned since he got out of segregation, are subject to shakedowns more frequently. Plaintiff wishes to compare his housing assignments since he was released from segregation in 2012 with his prior placement in the Lower South during the same time period. Defendants shall provide information regarding shakedown frequency in the East and West houses versus South lower for the period of May 2012 to present. Such information shall be provided within 30 days.

Defendants' objections that the information sought in Request 24 is overly burdensome and irrelevant are sustained.

In accordance with the above, Plaintiff's Motion to Compel is **GRANTED in part** and **DENIED in part**. Defendants shall comply with the Court's Order regarding bar rapping policies within 21 days, or on or before **January 27, 2015**. Defendants shall comply with all other aspects of this Order within 30 days, or on or before **February 5, 2015**.

**IT IS SO ORDERED**

**Date:** January 7, 2015                                                  **/s/ *Stephen C. Williams***
                                                                                            **Stephen C. Williams**
                                                                                            United States Magistrate Judge