IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| SHERRELL TOWNS, #B20513, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No. 13-1269 ) |
| C/O DEATHROW, et al., | ) ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S**
**FIRST REQUESTS FOR ADMISSION (DOC. 83)**

NOW COME Defendants, TRAVIS LINDSEY, REBECCA COWAN, BRANDON ANTHONY, CHAD TODARO, LUCAS MAUE, ROY GATHLER, TERRI DETHROW, and MICHAEL MIFFLIN, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and for their Objections and Responses to Plaintiff's First Requests for Admissions (Doc. 83), state as follows:

1. It is routine and established practice for correctional officers at the Menard Correctional Center to bar rap the cell bars of inmate living quarters (cells) at or near the beginning of the 7-3 shift. Admit or deny.

**RESPONSE: Defendants admit it is routine and an established practice for correctional officers at Menard Correctional Center to bar rap the cell bars of inmate living quarters at or near the beginning of the 7 AM to 3 PM shift; however, cell bars can be bar rapped at non-routine times if a need to do so arises.**

1

2. It is routine and established practice for correctional officers at the Menard Correctional Center to bar rap the cell bars of inmate living quarters within the 2-3:o'clock P.M. hour of the 7-3 shift. Admit or Deny.

**RESPONSE: Defendants deny it is routine and an established practice for correctional officers at Menard Correctional Center to bar rap the cell bars of inmate living quarters between 2 PM and 3 PM; however, cell bars can be bar rapped at non-routine times if a need to do so arises.**

3. It is routine and established practice for correctional officers at the Menard Correctional Center to bar rap the cell bars of only a select number of cells housing inmates on any given gallery, as opposed to bar rapping the cell bars of the entire gallery, when inspecting the integrity of the cell bars of that particular gallery. Admit or Deny.

**RESPONSE: Defendants deny it is routine and an established practice for correctional officers at Menard Correctional Center to bar rap the cell bars of only a select number of cells on a gallery when doing regular checks.**

4. It is routine and established practice for correctional officers at the Menard Correctional Center to perform a consecutive sequence of bar rapping of the cell bars on any given gallery when inspecting the integrity of the cell bars on a particular gallery, as opposed to bar rapping the cell bars of a particular gallery and moving on to bar rap the cell bars of the next gallery. Admit or Deny.

**RESPONSE: Defendants object to this request as vague. Without waiving said objection, to the extent Plaintiff is requesting whether it is routine and an established practice for correctional officers at Menard Correctional Center to bar rap the cell bars of each cell consecutively on a particular gallery and bar rap all cells on that gallery prior to bar rapping any cells on another gallery, when doing regular checks, Defendants admit.**

5. On November 10, 2011, Plaintiff was issued a call pass to receive a hair cut at the inmate barbershop. Admit or Deny.

**RESPONSE: Defendants object to this request as irrelevant because Plaintiff's access to the barbershop claim was dismissed from this case. (Doc. 7 at 10-11). Defendants lack knowledge and independent, current recollection sufficient to admit or deny this request. In performing a reasonable inquiry, Defendants requested call passes and barbershop records from that date and were informed no relevant records exist.**

6. On November 10, 2011, Plaintiff went to the inmate barbershop to receive a haircut. Admit or Deny.

**RESPONSE: Defendants object to this request as irrelevant because Plaintiff's access to the barbershop claim was dismissed from this case. (Doc. 7 at 10-11). Without waiving said objection, Defendants lack knowledge and independent, current recollection sufficient to admit or deny this request. In performing a reasonable inquiry, Defendants requested call passes and barbershop records from that date and were informed no relevant records exist.**

7. Kimberly Butler (Assistant Warden at the time) ordered Internal Affairs to investigate Plaintiff's grievance concerning Plaintiff's claim of being denied access to the Barbershop for a haircut. Admit or Deny.

**RESPONSE: Defendants object to this request as irrelevant because neither Kimberly Butler, nor any internal affairs officers are defendants in this suit and because Plaintiff's access to the barbershop claim was dismissed from this case. (Doc. 7 at 10-11). Without waiving said objection, Defendants lack knowledge and independent, current recollection sufficient to admit or deny this request. In performing a reasonable inquiry, the Undersigned reviewed Plaintiff's grievance records which contain no mention of whether Kimberly Butler ordered internal affairs to investigate Plaintiff's grievance concerning the barbershop.**

8. DEFENDANT REBECCA COWAN SERVING AS A MEMBER OF THE DISCIPLINARY HEARING COMMITTEE ASSEMBLED TO DECIDE THE INNOCENCE OR GUILT OF PLAINTIFF'S DISCIPLINARY REPORT, WHILE A NAMED DEFENDANT IN PLAINTIFF'S PENDING LAWSUIT, CONSTITUTES A CONFLICT OF INTEREST. ADMIT OR DENY.

**RESPONSE: Defendants deny.**

9. DEFENDANT BRANDON ANTHONY SERVING AS A MEMBER OF THE DISCIPLINARY HEARING COMMITTEE ASSEMBLED TO DECIDE THE INNOCENCE OR GUILT OF PLAINTIFF'S DISCIPLINARY REPORT, WHILE A NAMED DEFENDANT IN PLAINTIFF'S PENDING LAWSUIT, CONSTITUTES A CONFLICT OF INTEREST. ADMIT OR DENY.

**RESPONSE: Defendants deny.**

10. DEFENDANT ROY GRATHLER HAS BEEN FIRED FROM EMPLOYMENT AT THE ILLINOIS DEPARTMENT OF CORRECTIONS. ADMIT OR DENY.

5

**RESPONSE: Defendants deny.**

                Respectfully submitted,

                TRAVIS LINDSEY, REBECCA COWAN,
                BRANDON ANTHONY, CHAD TODARO, LUCAS
                MAUE, ROY GATHLER, TERRI DETHROW,
                and MICHAEL MIFFLIN,

                      Defendants,

Ashley B. Carter, #6308718
Assistant Attorney General        LISA MADIGAN, Attorney General,
500 South Second Street          State of Illinois,
Springfield, Illinois 62706
Telephone: (217) 557-0261          Attorney for Defendants,
Facsimile: (217) 524-5091
Email: acarter@atg.state.il.us     By: s/Ashley B. Carter
Of Counsel.                             Ashley B. Carter
                                       Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| SHERRELL TOWNS, #B20513, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 13-1269 |
| | ) |
| C/O DEATHROW, et al., | ) |
| | ) |
| Defendants. | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2015, I electronically filed the foregoing *Defendants' Responses to Plaintiff's First Requests for Admission (Doc. 83)* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on May 18, 2015, I mailed by United States Postal Service, the document to the following non-registered participant:

Sherrell C. Towns, # B-20513
Menard Correctional Center
711 Kaskaskia Street
PO Box 1000
Menard, IL 62259

Respectfully submitted,

s/Ashley B. Carter
Ashley B. Carter, #6308718
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
Telephone: (217) 557-0261
Facsimile: (217) 524-5091
Email: acarter@atg.state.il.us