IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRELL C. TOWNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13−cv−1269−MJR−SCW |
| ) | |
| TERRI DETHROW, ) | |
| L. MAUE, ) | |
| TRAVIS LINDSEY, ) | |
| TODARO, ) | |
| CHANDLER, ) | |
| REBECCA COWAN, ) | |
| BRANDIN ANTHONY, ) | |
| ROY GRATHLER, and ) | |
| MIFFLIN ) | |
| ) | |
| Defendants. ) | |

# ORDER

**WILLIAMS, Magistrate Judge:**

On August 20, 2015, the Court held hearing on several of Plaintiff's motions. Plaintiff appeared pro-se. Ashley Carter appeared for Defendants. The following is a summary of the Court's order which can otherwise be found on the record.

The Court takes up Plaintiff's Motion for Leave to File Additional Requests. (Doc. 77). Plaintiff filed this motion on February 23, 2015. (Doc. 77). Defendants filed a Response on March 9, 2015. (Doc. 78). Plaintiff filed a Reply on March 27, 2015. (Doc. 82). The Court **GRANTS in part and DENIES in part** the Motion for Leave to File Additional Requests. (Doc. 77). Defendants are ordered to produce the rosters and lunch break log for South Lower on October 31, 2011. As to the bar rapping log and equipment bar rapping log, the Court orders the production of seven days of records, from October 28 until November 3, 2011. As to Plaintiff's request for the investigative report regarding his barbershop grievance, Defendants shall also check to see if an

1

investigative report is available. If there is such a report, it shall be produced. Defendants may submit a redacted report to Plaintiff, but if so, they shall submit an un-redacted report to the Court. If there is no report, there is nothing to produce. The Court will not require the barbershop log because it is not relevant and would be unduly burdensome. The Court does believe the November 10 barbershop log, standing alone, would be relevant and producible. However, Defendants represent that there are no barbershop logs or call passes from 2011. Defendants shall produce the 7-3 rosters on October 23, 2011 to determine whether Dethrow was the gallery officer that day and whether she may have compiled the barbershop log. Defendants shall stipulate that the process of compiling the barbershop list was to orally survey the gallery. As to Plaintiff's request for all grievances filed against Defendant Dethrow, that request is overly burdensome and not reasonably calculated to lead to relevant admissible evidence. As to Plaintiff's request 5, the Court requires the production of the directives, policies and guidelines regarding adjudication and sentencing guidelines for the adjustment committee. The Court denies Plaintiff's request 7 and will not require Defendants to produce this information.

The Court next takes up Plaintiff's Motion for Sanctions, filed on March 27, 2015. (Doc. 80). Defendants responded on April 6, 2015. (Doc. 86). As to Plaintiff's claims that the lockdown chart is unreadable, the Court finds it shows the start and end dates of the lockdown. The Court finds the production is consistent with the Court's prior order, and declines to order sanctions on those grounds. Regarding the documentation of institutional shakedowns, it appears that Defendant's documentation is limited, and they do not have documentation regarding all of the shakedowns. The Court is not going to require an exhaustive search of personnel records at Menard to determine whether employees were part of a tactical team that performed an institutional shakedown during the relevant time period. The Defendants shall produce shakedown slips as to Plaintiff's personal property from May 2012 until December 2014. The Court also finds that

Defendants have produced what they could regarding the segregation policies on clothing in the yard. The Court orders production of the names of Plaintiff's cellmates from November 2011 until May 2012. Defense may redact the inmate numbers. The Court **DENIES** the Motion for Sanctions. (Doc. 80). The Court finds that Defendants have produced the documentation they have to the extent practicable.

Plaintiff filed a Motion to Compel on June 17, 2015 regarding Defendants' responses to his Requests to Admit. (Doc. 92). The Defendants filed a Response on June 24, 2015. (Doc. 94). As to Request to Admit 4, the Court finds that Plaintiff's re-write at Doc. 92, p. 1-2, does not encompass the original meaning and Plaintiff cannot amend by "clarifying." Objection sustained to Request to Admit 4. As to requests 5-7, the Court overrules the objection to relevance, but accepts Defendants' representation that they lack knowledge. The Court **DENIES** the Motion to Compel on the grounds that the Requests for Admissions have been fully answered. (Doc. 94).

The Court next takes up document 96, which also asks for additional discovery. The Court overrules Plaintiff's requests for the disciplinary history of the Defendants. The security objection is overruled. However, the request is overly burdensome and not likely to lead to relevant admissible evidence, and the Court denies the request on these grounds. The Court also declines to grant the request for all rosters of south lowers during the relevant period. The request is not relevant and it is not reasonably calculated, especially when compared to the burden of production and the scope of production in this case. The Court also orders Defendants to respond to the interrogatories at Doc. 96. They will be considered served as of August 20, 2015, and Defendants shall respond to them at the same time they produce the other discovery. As to Plaintiff's request for production of documents, requests 1-8, 11, are already covered by the terms of this order, and the Court will not order those requests served. If any one of the Defendants has received discipline for the mistreatment of an inmate in the last seven years, the Defendants shall provide that discipline to the

3

court, and the Court will determine whether it is relevant.  RFP 9 is denied as overly broad.  RFP 10 is moot.  Plaintiff's Motion to Amend his Motion for Leave to File Additional Request is **GRANTED in part and DENIED in part**.  (Doc. 96).

As to Plaintiff's request for extensions of time, the Court extends discovery until September 20, 2015.  (Doc. 91) (Doc. 95).  The dispositive motion deadline is October 20, 2015.  Plaintiff is granted an extension to respond to Defendants' discovery.


**IT IS SO ORDERED**

**Date:** August 24, 2015                                   **/s/ Stephen C. Williams**
                                                                            **Stephen C. Williams**
                                                                            United States Magistrate Judge