IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| SHERRELL TOWNS, #B20513, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   No. 13-1269 |
| | ) |
| C/O DETHROW, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTIONS *IN LIMINE***

NOW COME Defendants, TERRI DETHROW, LUCAS MAUE, and TRAVIS LINDSEY, by their attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby move for the following pretrial orders, stating as follows:

**I.   The Court Should Prohibit Plaintiff from Offering Evidence or Testimony, or Otherwise Suggesting, that the State of Illinois May Indemnify Defendants.**

The Seventh Circuit, as well as other federal circuits, has long held that evidence of payments received from collateral sources is inadmissible on the issue of damages. *See Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998) (*citing Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994) (recognizing a long-standing rule that "evidence of insurance or other indemnification is not admissible on the issue of damages, and, should any such information reach the ears of the jurors, the court should issue a curative instruction") & *Halladay v. Verschoor*, 381 F.2d 100, 112 (8th Cir. 1967) (recognizing an exception to the collateral payments rule exists when insurance or indemnification is a material issue in the case)).

Pursuant to the invocation of their rights under the State Employee Indemnification Act (5 ILCS 350/0.01 *et seq.*), Defendants are represented by the Office of the Attorney General and should be indemnified for any damages awarded pursuant to a final and unreversed judgment of

1

the Court, as well as for any court costs and attorney fees. *See* 5 ILCS 350/2(d). However, indemnification is not material to any of the issues presented in this case and even the suggestion of indemnification to the jury would result in substantial prejudice to Defendants. Accordingly, the Court should preclude Plaintiff, his attorneys, and his witnesses from offering evidence or testimony disclosing, or otherwise suggesting, that State of Illinois may indemnify Defendants in the event Plaintiff receives a favorable jury verdict.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this honorable Court enter an order precluding Plaintiff from offering evidence or testimony, or otherwise suggesting, that the State of Illinois may indemnify Defendants.

## II. The Court Should Prohibit Plaintiff from Offering Evidence or Testimony of other lawsuits involving any of the Defendants.

Defendants request the Court bar reference to, or inquiries about, other lawsuits involving Defendants as irrelevant. The danger of unfair prejudice, misleading the jury, and confusing the issues far outweigh the probative value of such evidence. Such testimony would not be relevant under Federal Rule 401 and constitutes inadmissible character evidence under Rule 404(b). *See Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 494–95 (7th Cir. 1990). Defendants work with a particularly litigious subset of the population. Allowing Plaintiff to suggest that because Defendants have been sued in the course of their employment, they mistreated Plaintiff in this instance is unfair and not authorized by the Federal Rules of Evidence.

WEREFORE, for the foregoing reasons, Defendants respectfully request that this honorable Court enter an order precluding Plaintiff from offering evidence or testimony of other lawsuits involving any of the Defendants.

### III. The Court Should Prohibit Plaintiff from Offering Evidence or Testimony of any misconduct, reprimand, or grievance issued against any of the Defendants.

Defendants request the Court bar reference to any previous misconduct, or inquiries regarding, reprimands received by Defendants or grievances filed against Defendants as irrelevant. The danger of unfair prejudice, misleading the jury, and confusing the issues far outweigh the probative value of such evidence. Such testimony would not be relevant under Federal Rule 401 and constitutes inadmissible character evidence under Rule 404(b).

In *Duran v. Town of Cicero*, 653 F. 3d 632 (7th. Cir. 2011), plaintiffs brought a §1983 complaint against the town and multiple officers alleging the officers used excessive force, falsely arrested them, deprived them of equal protection, and asserted state-law claims. *Duran*, 653 F. 3d at 635. One of the defendants, Officer Vitalo, moved to prevent the introduction and reference to prior misconduct complaints. *Id.* at 645. The district court granted the motion *in limine*. *Id.* During Officer Vitalo's testimony at trial, his attorney asked a series of questions that arguably opened the door to the misconduct complaints. *Id.* Plaintiff's asked the judge to reconsider the motion *in limine* in light of the line of questioning and testimony by Officer Vitalo. *Id.* The district court judge again declined to allow the evidence stating "the danger of confusion and of unfair prejudice to the other defendants would outweigh the probative value as to the defendant Vitalo." *Id.* On appeal, the Seventh Circuit affirmed the exclusion of this evidence. *Id.* The Seventh Circuit noted that the district court has significant leeway when conducting an analysis under 404(b). *Id.* The Court further stated that based upon the specific allegations of misconduct against Vitalo, "there was potential for prejudicial 'spillover' effect on all the defendants. *Id.* Finally, the Court even though Vitalo arguably opened the door to the evidence, "the Rules of Evidence do not simply evaporate when one party opens the door on an issue." *Id.* (*quoting Manuel v. City of Chicago*, 335 F.3d 592, 596 (7th Cir. 2003)).

In this case, allowing Plaintiff to suggest that because Defendants have received previous misconduct, reprimands, or grievances filed against them they mistreated Plaintiff in this instance is irrelevant, prejudicial, and not authorized by the Federal Rules of Evidence.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this honorable Court enter an order prohibiting Plaintiff from offering evidence or testimony of any misconduct, reprimand, or grievance issued against any of the Defendants.

**IV.     The Court Should Prohibit Plaintiff from Offering Evidence or Testimony referencing any "Golden Rule" appeal.**

Defendants request the Court bar any "Golden Rule" appeal including any argument or testimony that the jury place itself in Plaintiff's position or the damages be based on a scenario whereby jurors hypothetically sustain injuries or damages similar to that purportedly sustained by Plaintiff. *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982). "A 'Golden Rule' appeal in which the jury is asked to put itself in the plaintiff's position is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989) (internal quotations omitted); see also *Tomao v. Abbott Labs., Inc.*, 2007 WL 141909 (N.D. Ill. Jan. 16, 2007) (granting the defendant's motion *in limine* regarding "golden rule" appeal).

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this honorable Court enter an order prohibiting Plaintiff from offering evidence or testimony referencing any "Golden Rule" appeal.

**V.     The Court Should Prohibit Plaintiff and his Witnesses from Testifying at Trial Regarding the Causation of any Medical or Mental Health Condition.**

Defendants anticipate that Plaintiff may testify or attempt to elicit inadmissible testimony as to the causation of any alleged medical or mental health conditions. Specifically, Defendants anticipate that Plaintiff will testify that Defendants alleged actions caused Plaintiff harm. Plaintiff is not a physician or psychiatrist and, therefore, any uninformed opinions or lay accounts proffered by him regarding the causation of any medical conditions should be barred. *See Fed. R. Evid.* 701. Expert testimony is necessary to explain the complex nature of any relationship between Plaintiff's denial of medical attention and the causation of any medical or mental health condition. Under Federal law, a non-expert is not permitted to give expert testimony. *Fed. R. Evid.* 701. A person lacking any medical training is incompetent to testify to the causal relationship between an event and a subsequent medical condition. *Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001). Without medical knowledge, skill, experience, training, and/or education, Plaintiff is not equipped to render conclusions or opinions about the cause of his medical conditions.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this honorable Court enter an order precluding Plaintiff from eliciting any testimony from any non-expert witness regarding the causation of any mental health or medical conditions.

                                                  Respectfully submitted,

                                                  TERRI DETHROW, LUCAS MAUE, and
                                                  TRAVIS LINDSEY,
                                                    Defendants,
                                                  LISA MADIGAN, Attorney General,

Jeremy C. Tyrrell, #6321649              State of Illinois,
Assistant Attorney General
500 South Second Street                     Attorney for Defendants,
Springfield, Illinois 62701
(217) 557-0261  Phone                     By:/s/Jeremy C. Tyrrell
(217) 782-8767  Fax                       Jeremy C. Tyrrell
Email: jtyrrell@atg.state.il.us            Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| SHERRELL TOWNS, #B20513, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 13-1269 |
| | ) |
| C/O DETHROW, et al., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2017, the foregoing document, *Defendants' Motions* in limine, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

        Nelson Nolte        nn@noltefirm.com

        Respectfully Submitted,

        s/Jeremy C. Tyrrell
        Jeremy C. Tyrrell
        Assistant Attorney General
        Office of the Illinois Attorney General
        500 South Second Street
        Springfield, Illinois  62701
        Phone: (217) 557-0261
        Fax: (217) 782-8767
        E-Mail:  jtyrrell@atg.state.il.us