IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| SHERRELL TOWNS, #B20513, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 13-1269 |
| | ) |
| C/O DETHROW, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S COMBINED MOTIONS *IN LIMINE*** 

NOW COME Defendants, TERRI DETHROW, LUCAS MAUE, and TRAVIS LINDSEY, by their attorney, Lisa Madigan, Attorney General of the State of Illinois, and respond to *Plaintiff's Combined Motions* In Limine (doc. 152), stating as follows:

**I. Motion in Limine to Exclude Plaintiff's Convictions**

Plaintiff's Motion *in limine* to exclude evidence of his convictions should be denied. Federal Rule of Evidence 609(a)(1) provides that evidence that any witness has been convicted of a crime within the previous ten years shall be admitted if the crime was punishable by death or imprisonment for more than one year. Fed. R. Evid. 609(a)(1). Rule 609(a)(1) is subject to Rule 403, which states that evidence, even if relevant, may be excluded if its probative value is substantially outweighed by, *inter alia*, the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed R. Evid. 403 & 609. Evidence related to impeachment by conviction is probative and can assist the jury in assessing witness credibility. *United States v. Neely*, 980 F2d. 1074, 1080 (7th Cir. 1992). Further, there is a presumption in favor of admitting such evidence. Fed. R. Evid. 609(a)(1)(A).

Here, Plaintiff is currently serving a life sentence for murder. According to Rule 609(b), the ten year period is calculated from the later of either the date of the conviction or the release from confinement for the conviction. Fed. R. Evid. 609(a)(2). Because plaintiff is still serving this sentence, his conviction falls within Rule 609's requirements for admissibility. It appears that Plaintiff does not dispute that his conviction falls within the realm of Rule 609; rather, Plaintiff argues that since Rule 609 is subject to Rule 403, and Plaintiff's conviction should be excluded by Rule 403 because the prejudicial effect of his conviction outweighs the probative value.

In instances where the felony conviction is probative but highly prejudicial, courts have adopted a censoring provision. *See Charles v. Cotter*, 867 F. Supp. 648, 656 (N.D. Ill. 1994) (*citing Campbell v. Greer*, 831 F.2d 700 (7th Cir. 1987)) Here, Defendants request that they be permitted to elicit testimony that Plaintiff is currently serving a felony conviction in the custody of the Illinois Department of Corrections. Defendants do not seek to elicit testimony regarding the nature of the felony conviction or the sentence, given the prejudicial nature of the conviction and sentence.

Therefore, Defendants request this Court deny Plaintiff's Motion *in Limine* to exclude Plaintiff's prior convictions.

**II.      Motion in Limine to Exclude Plaintiff's Witnesses' Prior Convictions.**

Plaintiff's motion *in limine* to bar any reference to Plaintiff's witnesses' prior convictions should be denied. Federal Rule of Evidence 609(a)(1) provides that evidence that any witness has been convicted of a crime within the previous ten years shall be admitted if the crime was punishable by death or imprisonment for more than one year. Fed. R. Evid. 609(a)(1). Rule 609(a)(1) is subject to Rule 403, which states that evidence, even if relevant, may be excluded if its probative value is substantially outweighed by, *inter alia*, the danger of unfair prejudice confusion of the issues, or misleading the jury. Fed. R. Evid. 403 & 609. Evidence related to

impeachment by conviction is probative and can assist the jury in assessing witness credibility. *United States v. Neely*, 980 F2d. 1074, 1080 (7th Cir. 1992). Further, there is a presumption in favor of admitting such evidence. Fed. R. Evid. 609(a)(1)(A).

Here, Plaintiff's inmate witnesses are all currently serving sentences for felony convictions. According to Rule 609 (b), the ten year period is calculated from the later of either the date of the conviction or the release from confinement for the conviction. Fed. R. Evid. 609(a)(2). Because these witnesses are still serving sentences, their convictions fall within Rule 609's requirements for admissibility. It appears that Plaintiff does not dispute that the witnesses' conviction fall within the realm of Rule 609; rather, Plaintiff argues that since Rule 609 is subject to Rule 403, his inmate witnesses' convictions should be excluded by Rule 403 because the prejudicial effect of his convictions outweighs the probative value.

The prejudicial effect of evidence of Plaintiff's witnesses' multiple felony convictions is not substantially outweighed by its probative value. Fed. R. Evid. 403. Plaintiff claims the Defendants' violated his rights and the Defendants' deny this claim. Accordingly, Plaintiff's witnesses' credibility is directly at issue in this case, and Congress—by adopting the Federal Rules of Evidence—has determined that evidence of Plaintiff's witnesses' prior felony convictions bear on their credibility. As noted above, when presented with potentially prejudicial crimes, courts have adopted a censoring provision. *Charles*, 867 F. Supp. At 656. Here, Defendants request the Court permit them to impeach Plaintiff's inmate witnesses' credibility by eliciting testimony of these witnesses' charged crimes and dispositions. By observing these limits, the courts have reduced any prejudicial effects while still allowing the proper impeachment provided by the Federal Rules of Evidence. *Charles*, 867 F.Supp. at 656.

Therefore, Defendants request this Court deny Plaintiff's Motion *in Limine* to bar

references to his witnesses' prior convictions.

### III. Motion in Limine to Exclude Plaintiff's Unrelated Disciplinary Records and Grievances

Defendants do not intend to introduce evidence or testimony regarding any irrelevant disciplinary records and grievances, and have similarly moved to bar the same as to Defendants.

### IV. Motion in Limine to Exclude Plaintiff's Unrelated Litigation

Defendants do not intend to introduce evidence or testimony regarding any of Plaintiff's unrelated litigation and have similarly moved to bar the same as to Defendants.

### V. Motion in Limine to have Plaintiff be Unshackled and in Civilian Clothes

Defendants do not object to Plaintiff's request to be unshackled during court proceedings, subject to any security concerns raised by the U.S. Marshalls and Court security personnel. Further, Defendants do not object to Plaintiff being in civilian clothes provided by Plaintiff's attorney during court proceedings and subject to any security concerns raised by the U.S. Marshalls and Court security personnel.

### VI. Motion in Limine to have Plaintiff's Witnesses be Unshackled and in Civilian Clothes

Plaintiff has separately moved for his witnesses to be unshackled and in civilian clothes when testifying before the jury. Defendants presume Plaintiff's inmate witnesses will be testifying via video conference from their respective correctional facilities. With this caveat, the Court should grant deference to the security personnel at these correctional facilities to take the appropriate steps to ensure the safety of other inmates and staff when these witnesses are testifying—including having these witnesses be shackled and in prison attire.

### VII. Motion in Limine to have Prison Officials in Civilian Clothing

Defendants and their witnesses are being sued or are testifying in the course of their employment and should be permitted to testify in their employment uniform. Plaintiff has

presented no case law to support this request. Courts have permitted officers to wear their uniforms during civil trials. *Case v. Town of Cicero*, 2013 WL 5645780, at *4 (N.D. Ill. Oct. 16, 2013) (citing *Tolliver v. Gonzalez*, 2011 WL 5169428, at *1 (N.D.Ill. Oct. 31, 2011); *Sughayyer v. City of Chicago*, 2011 WL 2200366, at *4 (N.D. Ill. June 6, 2011)). Further, this request could require Defendants and their witnesses to expend further resources to acquire appropriate clothing to defend against this unfounded litigation. Therefore, Plaintiff's motion in limine to have prison officials wear civilian clothing should be denied.

**VIII. Motion in Limine to Allow Plaintiff and his Witnesses to Appear in Person**

Defendants do not object to having Plaintiff appear in person. However, Plaintiff's inmate witnesses should testify from their respective correctional facilities. The Seventh Circuit has repeatedly upheld the practice of having inmate witnesses appear at trial via videoconference, with appropriate safeguards including a jury instruction that the jury should give video and in-person testimony equal consideration. *See e.g., Allen v. Wine*, 297 F. App'x 524, 532–33 (7th Cir. 2008). *See also Thorton v. Snyder*, 428 F.3d 690, 697–99 (7th Cir. 2005) (upholding trial court's decision to have Plaintiff appear at jury trial via videoconference). The Seventh Circuit has also noted that it is expensive and potentially dangerous to have inmates transported in from all over the state. *Barnes v. Black*, 544 F.3d 807, 810 (7th Cir. 2008). Further, Defendants intend to present their non-party witnesses via video conference. Plaintiff's fear of any unfair advantage is assuaged where all non-party witnesses appear by video conference.

**IX. Motion in Limine to Prevent Reference to Dismissed Claims or Parties.**

Defendants do not intend to introduce evidence or testimony that claims or parties were dismissed from this action.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request the Court deny Plaintiff's Motions *in Limine* I, II, VI, VII, and VIII.

Respectfully submitted,

TERRI DETHROW, LUCAS MAUE, and TRAVIS LINDSEY,

    Defendants,

LISA MADIGAN, Attorney General, State of Illinois,

    Attorney for Defendants,

By: /s/Jeremy C. Tyrrell
    Jeremy C. Tyrrell
    Assistant Attorney General

Jeremy C. Tyrrell, #6321649
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 557-0261 Phone
(217) 782-8767 Fax
Email: jtyrrell@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| SHERRELL TOWNS, #B20513, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 13-1269 |
| ) | |
| C/O DETHROW, et al., ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 9, 2017, the foregoing document, *Response to Plaintiff's Combined Motions* in limine, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

        Nelson Nolte        nn@noltefirm.com

        Respectfully Submitted,

        s/Jeremy C. Tyrrell
        Jeremy C. Tyrrell
        Assistant Attorney General
        Office of the Illinois Attorney General
        500 South Second Street
        Springfield, Illinois 62701
        Phone: (217) 557-0261
        Fax: (217) 782-8767
        E-Mail: jtyrrell@atg.state.il.us