IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRELL TOWNS,            ) | |
| ) | |
| Plaintiff,        ) | |
| ) | |
| vs.                                                          ) | Case No.   13-cv-1269-SCW |
| ) | |
| TERRI DETHROW, et al.,            ) | |
| ) | |
| Defendants.        ) | |
| ) | |

### ORDER

**WILLIAMS, Magistrate Judge:**

On May 16, 2017, the Court held a Status Conference and hearing on the parties' Motions in Limine.  The following memorializes the Court's findings and rulings made on the record at that hearing.

**1. Plaintiff's Motions in Limine**

Motion **1** is **GRANTED in part and DENIED in part**.  Defendants may only introduce evidence that Plaintiff has a felony conviction for which he currently incarcerated.  Defendants may not introduce evidence regarding the nature or duration of the conviction, unless Plaintiff opens the door.

Motion **2** is **GRANTED in part and DENIED in part**.  Defendants may only introduce evidence that Plaintiff's inmate witnesses have felony convictions for which they are incarcerated, as well as, the number of felony convictions.  Again, Defendants may not introduce evidence regarding the nature or duration of any of Plaintiff's

witnesses' felony convictions.

There is no objection to Motions **3** and **4**, and those motions are **GRANTED**.

Motion **5** is **GRANTED**.  Plaintiff may wear civilian clothes and will not be shackled within the jury's view.  He will be shackled to the floor; however, this shackling will not be viewable to the jury.

Motion **6** is **DENIED**.  Plaintiff's inmate witnesses will be testifying via video from their respective institutions, and any prejudicial effect caused by the jury seeing these witnesses in prison attire and shackled is outweighed by the need for institutional safety at the prison facilities.

Motion **7** is **DENIED**.  The Court does not find prison officials testifying in their official uniforms to be unduly prejudicial.

Motion **8** is **GRANTED in part and DENIED in part**.  Plaintiff shall appear for trial in person.  His witnesses, however, shall appear via video from their respective institutions.

There is no objection to Motion **9**, and it is **GRANTED**.

2. **Defendants' Motions in Limine**

Motion **1** is **GRANTED**.  Plaintiff may introduce evidence of indemnification if Defendants open the door, however.

There is no objection to Motions **2** and **4**, and those motions are **GRANTED**.  In addition, Motion **3** is **GRANTED**.

Motion **5** is **GRANTED in part and DENIED in part.**  Plaintiff may not diagnose

himself while testifying; however, he may testify as to his own perceptions as to how he felt, including his perceptions of his mental health.

### 3. Motion for Consideration of Other Counsel

On May 10, 2017, Plaintiff filed a motion seeking the appointment of new counsel in place of Attorney Nolte. (Doc. 156). During the May 16 hearing, Attorney Nolte indicated that he had an appointment to meet with Plaintiff at Menard Correctional Center on May 18, 2017. After the May 18 meeting, Attorney Nolte is **DIRECTED** to file a Response to Plaintiff's motion seeking new counsel.

**IT IS SO ORDERED**.
DATED: 5/18/2017

> */s/ Stephen C. Williams*
> STEPHEN C. WILLIAMS
> United States Magistrate Judge